# IN RE PETITION OF MARY H. ATCHERLEY FOR A WRIT OF HABEAS CORPUS ON BEHALF OF JOHN ATCHERLEY.

### ORIGINAL.

SUBMITTED OCTOBER 27, 1909.          DECIDED OCTOBER 27, 1909.

## BEFORE HARTWELL, C. J., AT CHAMBERS.

HABEAS CORPUS.

Writ denied in behalf of a person confined at the insane asylum it being discretionary in such case, the illegality of the confinement having already been considered in several aspects (*In re Atcherley*, 19 Haw. 535,) and other grounds of alleged illegality being named in a writ of certiorari now pending; the remaining grounds being reviewable, if at all, on error.

OPINION.

The petition recites the confinement in the insane asylum considered in the opinion of this court on reserved questions *In re Atcherley,* 19 Haw. 535, and avers it to be illegal upon grounds in substance as follows: (1) denial of jury trial; (2) failure of witnesses to appear at the hearing before the commissioners of insanity; (3) lack of jurisdiction of the commissioners to subpoena witnesses or compel their attendance; (4) denial of "right of arguing on the various testimonies" before the district court; (5) absence of "remedy at law to appeal for any perjuries committed by the various witnesses who testified in behalf of the *per*secution," as Act 149 S. L. 1909 does not give the commissioners the right to administer oaths; (6) that the proceedings involved second trial "for a former case (the shooting on Dr. Wayson's premises) already tried by a jury; (7) the magistrate or the commissioners had no jurisdiction; (8) the Act 149 is unconstitutional and void in authorizing arrest on a sworn complaint not stating the "facts or proof" of the "extent of the insanity and danger of the insane, that is within the knowledge of the complainant;" in authorizing commitment by a court of inferior jurisdiction created by the legislature without appeal to any court of record. The Organic Act providing that the judicial power of the Territory shall be vested in one supreme court, circuit courts and such inferior courts as the legislature may establish this is not due process of law (9) because after commitment one may be released only upon application by a sheriff, deputy sheriff or relative, being deprived of the right to apply himself or by his attorneys; (10) that during the proceedings and various hearings since the arrest, July 15 last, Dr. Atcherley showed no lack of memory or reasoning faculties but conducted the proceedings as his own attorney, examining and cross-examining witnesses, which "no insane person who had become dangerous through such insanity and loss of mind could

have done," and (11) that he has applied to the district magistrate, the commissioners, the first circuit judge and the supreme court to be released on bail or placed in such custody as shall be proper, but they have refused to release him either on bail or otherwise.

Of the various grounds on which this writ is asked several were passed upon or considered by this court in the opinion above cited, the court in effect finding that the Act 149 contained enough which was constitutional to justify the confinement in the insane asylum. Other grounds are specified as error in the writ of certiorari now pending and to be heard as soon as the record is presented, the remaining grounds being such as are reviewable, if at all, on error.

The issuing of the writ in this case is discretionary since the detention at the asylum is "in execution of process," and under the circumstances is denied.

*Petitioner* pro se.